77 F.3d 460
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Herbert E. PLYMPTON, Defendant, Appellant.
 No. 95-1803.
 United States Court of Appeals, First Circuit.
 Feb. 26, 1996.
 
 Appeal From the United States District Court For the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge]
 Charles J. Rogers, Jr. on brief for appellant.
 Michael P. Iannotti, Assistant United States Attorney, and Sheldon Whitehouse, United States Attorney, on brief for the United States.
 D.R.I.
 APPEAL DISMISSED.
 Before Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Rosenn,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Herbert Plympton was convicted after a jury trial of three counts of possession and concealment of goods stolen from interstate commerce and sentenced to 41 months' imprisonment and restitution totaling $444,231.69. The convictions and sentence were submitted to this court in a separate appeal. United States v. Black, No. 94-1852.
 
 
 2
 On April 18, 1995, Plympton's attorney filed a motion requesting that $35,000 bail, posted following Plympton's arraignment in 1993, be returned to one George Gotauco. The government objected and filed a motion to apply the bail funds toward the outstanding assessment, restitution, and fine pursuant to 28 U.S.C. § 2044. The district court, on July 12, 1995, denied Gotauco's motion and granted the government's motion.
 
 
 3
 Because 28 U.S.C. § 2044, by its terms, does not apply "to any third party surety," the central issue before the district court was whether there was sufficient evidence to establish that Gotauco was a bona fide surety. The district court held that he was not. On appeal, the government argues that we need not reach this question--which presents some difficult interpretive problems--and urges us to dismiss this appeal because the appellant, Plympton, lacks standing to press for the return of the bail funds to Gotauco.
 
 
 4
 The standing issue is itself difficult: There is an argument that Plympton himself has standing but also a proffered counter argument by the government; and there is also a possibility that, on a proper motion, Gotauco might have urged that he be substituted as the appellant in place of Plympton who did file a timely notice of appeal. Because of the complexity of the issues, we issued an order on January 16, 1996, requesting the parties to file supplemental memoranda addressed both to merits and standing issues.
 
 
 5
 The government filed a timely response, but Plympton's counsel did not do so; the Clerk's Office then contacted Plympton's counsel who promised that the overdue response would be filed not later than February 19, 1996. A week has now passed, and no response has been filed. The present appeal is dismissed for want of prosecution. Whittal v. Commissioner of Internal Revenue, 230 F.2d 948 (1st Cir.1956) (per curiam).
 
 
 6
 It is so ordered.
 
 
 
 *
 Of the Third Circuit, sitting by designation